UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**LEXINGTON**

| | | |
|---|---|---|
| IN RE: | ) | |
| PALMER CROUCH and | ) | |
| ESTIL MAE CROUCH | ) | Civil Action No. 5:10-332-JMH |
| | ) | Bankruptcy Court No. 09-52931 |
| BAC HOME LOANS | ) | |
| SERVICING, L.P., | ) | |
| | ) | |
| Appellant/Defendant, | ) | |
| | ) | **MEMORANDUM OPINION AND ORDER** |
| v. | ) | |
| | ) | |
| | ) | |
| ANNA C. JOHNSON, | ) | |
| TRUSTEE, | ) | |
| | ) | |
| Appellee/Plaintiff. | ) | |
| | ) | |

\*\*     \*\*     \*\*     \*\*     \*\*

This matter is before the Court on BAC Home Loans Servicing, L.P.'s appeal of the June 30, 2010 Judgment, and August 13, 2010, Order denying Defendant's Motion to Alter, Amend or Vacate the Judgment entered by Bankruptcy Judge Tracey N. Wise, United States Bankruptcy Judge for the Eastern District of Kentucky. Pursuant to BAP Local Rule 8001-3, Defendant/Appellant BAC Home Loans Servicing, L.P. ("BAC" or "Appellant") elected to have the appeal heard by this Court rather than the Bankruptcy Appellate Panel for the United States Court of Appeals for the Sixth Circuit. BAC filed a brief [Record No. 4], to which Appellee Anna C. Johnson, Trustee ("Trustee" or "Appellee") filed a response brief [Record No. 5], and the BAC replied [Record No. 6]. This matter is now ripe for review.

**Factual and Procedural Background**

The debtors, Palmer and Estill Mae Crouch, filed a Chapter 7 bankruptcy petition on or about September 11, 2009. Trustee filed an adversary proceeding to avoid BAC's mortgage to the extent it purports to encumber the interest of Estill Mae Crouch ("Debtor Wife") in real property located at 114 E. Main Street, Owingsville, Kentucky (the "Property") on the basis that Debtor Wife was not named or identified as a mortgagor or borrower in the body of the mortgage, although she did execute the mortgage.

After both parties' motions for summary judgment were fully briefed and argued, the Bankruptcy Court determined that the mortgage in question was not valid as to the Debtor Wife. Consequently, the Trustee, as a hypothetical bona fide purchaser of real property from the debtors and as a hypothetical lien creditor of the debtors pursuant to 11 U.S.C. § 544(a)(1), (2), has superior title to the subject property and may avoid any interest that BAC may have in the Debtor Wife's interest in the property. The court determined that BAC only had an unperfected lien as to the Debtor Wife's interest, and that interest was avoided and preserved for the estate. Trustee was entitled to judgment against BAC in the about of $33,964.32, which represents half of the amount of BAC's debt secured by the mortgage at issue, pursuant to 11 U.S.C. § 550. Following the Court's denial of BAC's Motion to Alter Amend or Vacate Judgment, BAC timely appealed the Bankruptcy Court's

decision to this Court pursuant to BAP Local Rule 8001-3.

The facts are not in dispute. The Crouches purchased 114 East Main Street, Owingsville, Kentucky, on or about June 9, 2000, as evidenced by a deed on record in Deed Book 194, Page 211 of the Bath County Clerk's office.

The Crouches borrowed the sum of $66,801.97 from Citizens Bank and secured the repayment of that loan with a mortgage, recorded in Mortgage Book 109, Page 683 in the Bath County Clerk's office, to purchase the property. On August 17, 2000, Palmer J. Crouch and Estil M. Crouch granted SunTrust Mortgage, Inc., a mortgage to secure a loan in the amount of $67,500.00. That mortgage is recorded in Mortgage Book 111, Page 143, in the Bath County Clerk's office. The proceeds of the SunTrust loan were used to pay off the Citizens Bank loan. By assignment of Mortgage or Deed of Trust dated June 21, 2002, SunTrust assigned its note and mortgage to Mortgage Electronic Registration Systems, Inc. This assignment was recorded on June 28, 2002, and is recorded in Mortgage Book 127, Page 107, in the Bath County Clerk's office.

On or about August 30, 2002, America's Wholesale Lender loaned $71,500 to Debtor Palmer Crouch, as evidenced by a mortgage recorded on September 5, 2002, in Mortgage Book 128, page 505, in the Bath County Clerk's Office ("First Mortgage"). The First Mortgage defines "Borrower" as "Palmer Crouch" only. Each page of the mortgage was initialed solely by "PC." There are no references

to Debtor Wife in the body of the mortgage. However, Debtor Wife did sign the last page of the First Mortgage above a line labeled "Borrower." The legal description incorporated by reference into the mortgage is titled "Property Description for Palmer Crouch and Estill Crouch, his wife." "Successor in Interest of Borrower" is defined in the mortgage as "any party that has taken title to the Property, whether or not that party has assumed Borrower's obligations under the Note and/or this Security Instrument." Both Palmer Crouch and Debtor Wife executed a Truth in Lending Disclosure Statement representing that they were "giving a security interest into property located at: 114 E. Main Street, Owingsville, Kentucky." BAC holds the note and mortgage which is the subject of this appeal by virtue of the Assignment of Mortgage recorded in Mortgage Book 184, page 345, in the Bath County Clerk's Office.

Subsequently, on February 10, 2004, the Crouches granted Contrywide Home Loans, Inc. another mortgage against the property to secure the repayment of a loan in the amount of $30,000 ("Second Mortgage"), recorded in the Bath County Clerk's Office at Mortgage Book 143, Page 85. This mortgage specifically names both Palmer Crouch and Estil Crouch as "Mortgagor(s)." It is signed by both of the Crouches and the notary certificate indicates that each acknowledged their execution. The Second Mortgage contains the following language:

> (g) PRIOR MORTGAGE. If the provisions of this paragraph are completed, this Mortgage is subject and subordinate

4

to a prior mortgage dated 8/30/02 and given by us to
Countrywide Home Loans, Inc. as mortgage in the original
amount of $71,500.00.

BAC argues that the Bankruptcy Judge erred by granting Summary
Judgment in favor of the Trustee because (1) Debtor Wife is
sufficiently identified in the mortgage and related documents to
grant a lien against her interest in the Property and (2) the
Second Mortgage clearly provides notice to third parties, including
the Trustee, and the Second Mortgage clearly indicated that Debtor
Wife ratified, confirmed and gave effect to her first Mortgage
grant to BAC. Trustee argues that Kentucky law does not recognize
a valid lien on the subject property where the borrower is not
identified or named in the body of the mortgage.

### STANDARD OF REVIEW

District courts have jurisdiction to hear appeals from final
judgments, orders and decrees of bankruptcy judges. See 28 U.S.C.
§ 158(a)(1). The bankruptcy court's initial factual finding are
reviewed by the district court for clear error. *Brinley v. LPP
Mortgage, LTD. (In re Brinley)*, 403 F.3d 415, 418 (6th Cir. 2005)
(citing *Holland v. Star Bank, N.A. (In re Holland)*, 151 F.3d 547,
548 (6th Cir. 1998)). The bankruptcy court's conclusions of law
are reviewed de novo. *B-Line, LLC v. Wingerter (In re Wingerter)*,
594 F.3d 931, 935-6 (6th Cir. 2010) (citing *Behlke v. Eisen (In re
Behlke)*, 358 F.3d 429, 433 (6th Cir. 2004)).

This matter was decided by the bankruptcy court on summary

judgment, which, pursuant to Fed. R. Bankr. P. 7056, uses the standard set forth in Fed. R. Civ. P. 56. Accordingly, summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the initial burden to show the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

Both parties agree that there are no genuine issues of material fact. Therefore, the Court must determine de novo whether the bankruptcy court erred in its analysis of the law.

**ANALYSIS**

**I. Because Debtor Wife is not named in the mortgage for the mortgage to effectively encumber her interest in the property.**

Debtor Wife is not named as a "Borrower" within the body of the mortgage. BAC argues, however, that the fact that she signed the document on a line indicating that she is a "Borrower," that the source of title identifies her as an owner, and that she is identified as Palmer Crouch's wife in the legal description, mean that she is "named" in the mortgage. In further support of its argument, BAC notes that Debtor Wife falls within the definition of a Successor in Interest under the terms of the mortgage and that she is identified by other documentation, such as the Truth in Lending form and Notice of Right to Recession. When viewed

6

together, BAC argues, these separate references to Debtor Wife are sufficient to create a presumption that she granted a lien against the property by signing the mortgage. At the very least, BAC argues that her identification creates an ambiguity which should be resolved "against the grantor, and so as to uphold the grant." [BAC Brief, Record No. 4, at p. 7(quoting *Main v. Ray*, 57 S.W. 7, 8 (1900))].

Debtor Wife's interest is not encumbered by the First Mortgage under Kentucky law, which controls in this instance. *Rogan v. Bank One, N.A. (In Re Cook)*, 452 F.3d 651 (6th Cir. 2006). "[C]ourts interpreting Kentucky law have found that a mortgage signed and acknowledged by a person not named or sufficiently identified in the body of the mortgage is ineffective and does not create a valid lien against the person's land." *Rogan v. Fifth Third Mortgage Co. (In re Rowe)*, –B.R.–, 2011 WL 2507822, *4 (B.A.P. 6th Cir. June 24, 2011) (citing *Deins' Adm'r v. Gibbs,* 78 S.W.2d 346 (Ky. 1935)). "A conveyance signed and acknowledged by a person, not named in the body of the instrument as a grantor, is ineffectual and passes no title as to that person." *Rowe v. Bird*, 304 S.W.2d 775, 777-78 (Ky. 1957). "It is the law of this state that a deed, and for the same reason a mortgage, is not valid as to one who is not named or identified in some way as grantor or mortgagor, although he may sign and acknowledge the instrument." *Goodrum's Guardian v. Kelsey*, 50 S.W.2d 932, 934 (Ky. 1932). Kentucky law is well-

settled on this issue, and the Court sees no basis to depart from precedent here.

BAC also argues, relying heavily on *Shaver v. Ellis*, 11 S.W.2d 949 (Ky. 1928), that Mrs. Couch was sufficiently *identified* in the mortgage so as to grant an interest. In *Shaver*, a widow and "her heirs" were named in the granting clause of the deed. The *Shaver* court noted that the heirs were named in the body of the deed, and "[w]hile appellants are not named in the granting clause of that deed, they are named in the body of it and referred to therein as grantors, immediately following the description of the land conveyed." *Id.* at 192. Thus, in *Shaver*, the grantors were clearly identified in the body of the instrument making the conveyance. The Court held that the deed was valid. By contrast, Mrs. Crouch was not sufficiently identified as a Borrower in any way in the granting clause or in the body of the mortgage. While she was referred to in some way, the identification was not sufficient under Kentucky law. *See also Schlarman v. Chase Home Finance (In re Padgitt),* No. 07-21467, Adversary No. 07-2063, 2008 WL 4191517, *2 (Bankr. E.D. Ky. Sept. 11, 2008).

## II. The Second Mortgage does not ratify the First Mortgage.

Appellant next argues that the Second Mortgage ratifies the First, and, therefore, the First Mortgage is valid as to Mrs. Crouch's interest. Specifically, BAC argues that the following language contained in the Second Mortgage provides notice to third

parties, including the Trustee, and that it is a "clear ratification" of the First Mortgage:

> (g) PRIOR MORTGAGE. If the provisions of this paragraph are completed, this Mortgage is subject and subordinate to a prior mortgage dated 8/30/02 and given by us to Countrywide Home Loans, Inc. as mortgage in the original amount of $71,500.00 (the "Prior Mortgage"). We shall not increase, amend or modify the Prior Mortgage without your prior written consent and shall upon receipt of any written notice from the holder of the Prior Mortgage promptly deliver a copy of such notice to you. We shall pay and perform all of our obligations under the Prior Mortgage as and when required under the Prior Mortgage.

This Court agrees with the bankruptcy court's reasoning on this issue. The language referenced as part of the Second Mortgage is part of the form language for the Second Mortgage and, while it includes some specifics regarding the prior First Mortgage, it does nothing to shore up or correct the deficiencies of the First Mortgage. BAC cites to several Kentucky cases, *East Jellico Coal Co. v. Jones*, 132 S.W. 411 (1910), and *Wabash Drilling Co. v. Ellis,* 20 S.W.2d 1002 (1929), in support of its argument. However, these cases are distinguishable. In *East Jellico,* the second instrument executed by the parties clearly indicated their intent to correct the prior instrument. Additionally, in *Wabash*, the second instrument specifically referenced and incorporated the original defective lease document. In both situations, the second instrument's terms clearly corrected the prior deficiencies. By contrast, the Second Mortgage in this instance was entered for a wholly separate purpose. The prior mortgage was not incorporated,

adopted, amended or corrected in any way by the terms of the second instrument. Instead, the Second Mortgage merely referenced the First to establish respective priority between the documents. Thus, the Second Mortgage does no more than provide notice of the First Mortgage, an instrument which is not enforceable against Mrs. Crouch's interest and does nothing to further BAC's ability to pursue any interest beyond that discussed above.

**CONCLUSION**

Accordingly, and for the foregoing reasons, **IT IS ORDERED** that the bankruptcy court's determination be, and the same hereby is **AFFIRMED**.

On this the 16th day of August, 2011.



Signed By:

*Joseph M. Hood*

Senior U.S. District Judge